

# United States District Court, Northern District of Illinois

HHN

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | John W. Darrah |
|---|---|---|---|
| CASE NUMBER | 06 C 3578 | DATE | 8/17/10 |
| CASE TITLE | Russian Media Group, LLC v. Cable America, Inc., et al. | | |

**DOCKET ENTRY TEXT**

Defendants and Intervenor's motion for leave to file amended affirmative defenses [345] is denied.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

On June 30, 2006, Plaintiff Russian Media Group, LLC brought suit against Defendants Cable America, Inc. and Shai Harmelech, seeking to enjoin Defendants from their allegedly unlawful distribution of Russian-language television programming at certain properties (the "Subject Properties"). On June 26, 2008, the Court held a preliminary injunction hearing and, on February 19, 2009, entered an injunction, barring Defendants from distributing Russian-language programming to the Subject Properties. A clarified preliminary injunction was entered on March 6, 2009. On May 6, 2009, USA Satellite & Cable, Inc. ("USA Satellite") moved to intervene, claiming to be the successor in interest to Cable America, Inc. That motion was granted on May 12, 2009. Pending before the Court is Defendants' and Intervenor's motion for leave to file amended affirmative defenses and other defenses.

Rule 8 of the Federal Rules of Civil Procedure provides that a party must affirmatively state any affirmative defense. Affirmative defenses not raised in the responsive pleading are waived. *See Castro v. Chicago Housing Authority*, 360 F.3d 721, 735 (7th Cir. 2004) ("if a defendant does not raise defenses at the time of filing an answer, those defenses are deemed waived"). This is so even if the affirmative defense would have been meritorious. *Venters v. City of Delphi*, 123 F.3d 956, 966 (7th Cir. 1997).

Rule 15(a)(2) allows a party to amend its pleadings "only with the opposing party's written consent or the court's leave." The rule provides that the court "should freely give leave when justice so requires." However, "courts may deny an amendment [under Rule 15] for undue delay, bad faith, dilatory motive, prejudice, or futility." *Indiana Funeral Directors Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003).

On November 10, 2009, the Court granted Plaintiff's motion to strike USA Satellite's new affirmative defenses. The Court ruled that because USA Satellite had intervened as Cable America's successor in interest, its rights in the case were limited to those held by Cable America. Implicit in that ruling was the holding that neither Defendants nor Intervenor could raise new affirmative defenses. The Court now makes that holding explicit.

As noted, this case has been pending since June 30, 2006. Defendants did not file their Answer and affirmative defenses until March 13, 2008. Defendants, thus, had more than adequate time to discover and

## STATEMENT

plead any available affirmative defenses to Plaintiff's Complaint. Instead, the new affirmative defenses were not asserted before this Court until over a year later, on June 22, 2009, when USA Satellite filed its Answer. These new affirmative defenses were raised just one week short of the three-year anniversary of this case. As noted, the Court struck the Affirmative Defenses on November 10, 2009. Defendants and Intervenor did not file the instant motion for leave to file amended affirmative defenses until May 5, 2010, almost six months after the affirmative defenses had been struck. As Plaintiff points out, Defendants and Intervenor have offered no reason for any of these delays.

Defendants and Intervenor's delay has been costly to Plaintiff. It has also been costly to the to the public, in the form of expended judicial resources. At the preliminary injunction hearing held over two years ago, Defendants could have, but did not, assert any of the affirmative defenses they now seek to raise. Instead, Defendants argued first that they were not providing Russian-language television services and, then later the same day, argued that they were providing Russian-language television services but were authorized to do so. Had Defendants asserted their supposedly meritorious affirmative defenses at that time – or earlier – two years' worth of litigation might have been avoided.

Now, however, as Plaintiff rightly points out, is not the time to revert to the pleading stages of this case. For the foregoing reasons, Defendants and Intervenor's motion for leave to file amended affirmative defenses is denied.