UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| W. James Mac Naughton, as assignee of Russian Media Group LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 06-cv-3578 ) ) |
| Shai Harmelech et al., | ) Judge Thomas M. Durkin ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is a motion by Defendants Shai Harmelech and USA Satellite & Cable, Inc. titled "Motion to Quash Third Party Citation and Motion for Summary Judgment," R. 448. Motions for summary judgment are govered by Fed. R. Civ. P. 56. However, Rule 56 is not the appropriate vehicle for Defendants' motion. Defendants' motion is more properly characterized as a request to deny W. James Mac Naughton's pending motion to reopen this case, R. 451, and to quash the various citations to discover assets filed by Mac Naughton to enforce a judgment against Defendants. *See* R. 411, 439, 440. For the following reasons, Defendants' motion, R. 448, is granted, and Mac Naughton's motion, R. 451, is denied.

**Discussion**

Mac Naughton previously represented Harmelech and USA Satellite *in this case* in an action brought in 2006 by Russian Media Group LLC. Mac Naughton and Defendants' relationship ended in a dispute over legal bills.[1] Russian Media and Defendants (working with different counsel) eventually settled this case.

Presumably in an attempt to gain leverage in pursuit of his fees, Mac Naughton, through a holding company he controlled called Casco Bay, then bought Russian Media's judgment against his former clients—for $1 and release of a claim Mac Naughton brought against Russian Media. R. 454-6 ¶ 2. Mac Naughton then

---

[1] Mac Naughton brought suit in New Jersey state court against his former clients Harmelech and USA Satellite for unpaid legal fees. Mac Naughton was eventually fully compensated when Harmelech satisfied the judgment. R. 454 ¶ 4 (Harmelech attested that the New Jersey judgment has been satisfied in full; Mac Naughton does not deny that statement).

1

brought suit in this district against Harmelech and USA Satellite to collect on the Russian Media judgment. *Mac Naughton v. Harmelech et. al.*, No. 14 C 10016 (N.D. Ill. filed Dec. 14, 2014). Judge Holderman disqualified Mac Naughton from representing Casco Bay in its pursuit of the assigned judgment. *Id.* at Dkt. 35 (N.D. Ill. Mar. 17, 2015). Mac Naughton then caused Casco Bay to assign the judgment to Mac Naughton personally. Mac Naughton now seeks to collect on the Russian Media judgment in this 2006 case. He has also filed several other cases in this district seeking to collect on that judgment under a number of theories. *See Mac Naughton v. Alden Mgmt. Servs., Inc., et al.*, No. 16 C 9027 (N.D. Ill. filed Sept. 18, 2016); *Mac Naughton v. Harmelech et al.,* No. 17 C 227 (N.D. Ill. filed Jan. 11, 2017) (seeking to enforce judgment through an alleged fraudulent conveyance of a condo in Florida in which Harmelech's mother-in-law lives); *Mac Naughton v. Asher Ventures, LLC*, No. 17 C 4050 (N.D. Ill. filed May 29, 2017) (alleging Harmelech fraudulently concealed ownership of stock and seeking to levy the stock to enforce the judgment).

In a hearing before this Court on January 4, 2018, the Court expressed concern about Mac Naughton's ethical obligations to his former clients and the impropriety of his attempt to enforce the judgment against them. Judge Feinerman raised the same concern and recently issued an opinion holding that Mac Naughton is violating Judge Holderman's order by continuing to pursue the Russian Media judgment. *Mac Naughton v. Harmelech et. al.*, No. 14 C 10016 at Dkt. 242 (June 5, 2018). The Court adopts Judge Feinerman's reasoning. Mac Naughton may not disregard his obligations as a previous attorney for defendants Harmelech and USA Satellite by seeking to enforce a judgment against those same clients he previously represented, in the very case in which he represented them.

Rule 1.9(a) of the New Jersey Rules of Professional Conduct states that "a lawyer who has represented a client in a matter shall not thereafter represent another client in the same or a substantially related matter in which that client's interests are materially adverse to the interests of the former client . . . ."[2] Rule 1.9(a) describes the circumstances here. Mac Naughton previously represented Defendants in this matter. He now seeks to represent another client (himself) in the same or substantially related matter in which his interests are materially adverse to the interests of his former clients (i.e. collection of the judgment against his former clients, the Defendants). Although there is a dearth of on-point case law addressing this issue (perhaps because Mac Naughton's conduct is so obviously

---

[2] The Illinois Rule of Professional Conduct 1.9(a) is nearly identical: "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent." Ill. S. Ct. Rs. Prof'l Conduct R.1.9.

2

wrong that no one else has been bold enough to try it),[3] courts in both Illinois and New Jersey have disqualified counsel for less egregious conflicts. *See In re Marriage of Newton*, 955 N.E.2d 572, 588 (Ill. App. Ct. 1st Dist. 2011) (disqualifying counsel and rendering retainer agreement void *ab initio* when attorneys met with one spouse and then knowingly represented the other spouse in divorce proceedings); *United States v. Alex*, 788 F. Supp. 359, 365 (N.D. Ill. 1992) (disqualifying attorney who represented both the defendant and the defendant's victims); *State v. Ross*, 2014 WL 563661, at *5 (N.J. Super. Ct. App. Div. Feb. 13, 2014) (attorney could not represent defendant when he previously represented a potential witness in an incident directly related to the case).

Attorneys have an ethical duty to their clients and the legal system. They may not represent interests that are materially adverse to the interests of their former clients, regardless of whether they are representing themselves or other clients. "The Rules of Professional Conduct recognize that the practice of law is a public trust and lawyers are the trustees of the judicial system." *In re Marriage of Newton*, 955 N.E.2d at 588. The case remains closed.[4]

ENTERED:

*Thomas M Durkin*
_____

Dated: June 22, 2018   Honorable Thomas M. Durkin
United States District Judge

---

[3] As Judge Feinerman stated, "the court need not address whether it has the inherent authority to prohibit Mac Naughton from seeking in court to collect the RMG judgment from his former clients. The court's research has revealed no cases addressing that precise issue, likely because no attorney before now has had the audacity to purchase from that attorney's litigation opponent a judgment entered against his or her own client and then attempt to enforce that judgment against the client." *W. James Mac Naughton v. Shai Harmelech, et al.*, No. 14 C 10016, Dtk. 242 at 9-10 (N.D. Ill. June 5, 2018).

[4] Because Mac Naughton has already recovered his legal fees through the New Jersey case, an order denying the motion to reopen this case merely "decreases the likelihood that Mac Naughton will obtain a windfall." *W. James Mac Naughton v. Shai Harmelech, et al.*, No. 14 C 10016, Dtk. 242 at 9 (N.D. Ill. June 5, 2018).